IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| AYN CANDACE DOWNEY,<br><br>        Appellant,<br><br>v.<br><br>BOARD OF TRUSTEES OF SOUTHERN ILLINOIS UNIVERSITY,<br><br>        Appellee. | Case No. 3:25-CV-00064-NJR |

# MEMORANDUM AND ORDER

**ROSENSTENGEL, Chief Judge:**

Before the Court is Appellant Ayn Candace Downey's pro se Emergency Motion for a Stay pending her bankruptcy appeal.[1] (Doc. 4). This motion is a two-sentence request, which states in relevant part: "I need this as an emergency motion due to extenuating circumstances to request the stay be reimposed for the duration of this bankruptcy case." *Id.* Based on this Court's review of the Bankruptcy Court's docket, Appellant appears to dispute the Bankruptcy Court's order lifting the automatic stay that is ordinarily imposed at the beginning of a bankruptcy case. *See* 11 U.S.C. § 362; *In re Grede Foundries, Inc.*, 651 F.3d 786, 790 (7th Cir. 2011) (automatic stay under section 362 prohibits various forms of debt collection efforts and "functions as one of the fundamental protections afforded to debtors by the bankruptcy laws.") (internal quotation marks omitted); *see also In re Ayn Candace Downey*, No. 24-40360 at Doc. 80

---

[1] Appellant's motion is reflected on the docket as an "Emergency Motion for Leave to Proceed in Forma Pauperis." Although she requests a "fee waiver," she also requests a "stay" to prevent Appellee from evicting her.

(Bankr. S.D. Ill. Nov. 1, 2024) (Order Granting Relief from Stay); & *Id.* at Doc. 85 (Order Overruling Objections to Lifting of Stay).

Because of the paucity of relevant information she provided, the Court granted Appellant until February 10 to file a supplemental motion explaining the legal relief she seeks in more detail. (Doc. 5). In response, Appellant filed a one-sentence letter yesterday asking the Court to take "immediate action" on her case because Appellee the Board of Trustees of Southern Illinois University was supposedly prepared to evict her on January 31, 2025. (Doc. 6). In effect, Appellant seeks to preserve the status quo for herself while her bankruptcy case proceeds.

This Court is authorized to reimpose the stay that was lifted in the Bankruptcy Court. 11 U.S.C. §158(d)(2)(D); *see also In re Miles*, 436 F.3d 291, 294 (1st Cir. 2006). It is apparent that this Court does not have the information it needs to make an informed judgment about this appeal. Thus, considering Appellant's alleged imminent eviction, the Court **GRANTS** her request for a brief stay to allow it to consider further briefing. *See In re Koleszar Farm LLC*, No. 21-5145, 2022 WL 1291506, at *2 (E.D. Pa. Apr. 29, 2022) (granting temporary stay and ordering further briefing under similar circumstances).

Appellant's motion for a temporary stay pending appeal is **GRANTED**. The Bankruptcy Court's order lifting the automatic stay, *In re Ayn Candace Downey*, No. 24-40360 at Doc. 80, is **TEMPORARILY STAYED**. Appellant and Appellee are **DIRECTED** to submit supplemental briefing outlining the procedural history of this case and the legal

bases for the relief they seek on or before **Monday, February 10, 2025**.[2] Appellee shall take no steps to evict Appellant until the Court has considered this supplemental briefing.

**IT IS SO ORDERED.**

**DATED:  January 30, 2025**

_____
**NANCY J. ROSENSTENGEL**
**Chief U.S. District Judge**

---

[2] Appellant's supplemental brief in response to this order will satisfy her obligation to brief the merits of this case under the Court's Order dated January 27, 2025. *See* (Doc. 5). Appellant is still required to file a motion to proceed in forma pauperis or to pay the required filing fee. *Id.*