# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| AYN CANDACE DOWNEY,<br><br>　　　　Appellant,<br><br>v.<br><br>BOARD OF TRUSTEES OF SOUTHERN ILLINOIS UNIVERSITY,<br><br>　　　　Appellee. | Case No. 3:25-CV-00064-NJR |

## MEMORANDUM AND ORDER

**ROSENSTENGEL, Chief Judge:**

Debtor in this bankruptcy appeal, Ayn Candace Downey ("Downey" or "Appellant"), seeks to stop her eviction from university housing at Southern Illinois University ("SIU"). The Board of Trustees of Southern Illinois University ("SIU Board" or "Appellee") received an order from the Bankruptcy Court lifting the automatic bankruptcy stay under 11 U.S.C. § 362, which allowed it to proceed with eviction proceedings in state court. Downey appealed the Bankruptcy Court's order to this Court, alleging that the SIU Board repeatedly violated the automatic stay when it was in place, and urging this Court to reimpose it.

The Court has jurisdiction pursuant to 28 U.S.C. § 158(a). *See Newline Holdings, LLC v. Scott*, No. 21-cv-6346, 2022 WL 17251282, at *4 (N.D. Ill. Nov. 28, 2022).

### BACKGROUND

Although this case was filed less than nine months ago, its contentiousness and convolution belie its age.

Bankruptcy Court Proceedings

On September 9, 2024, Downey filed a voluntary petition for bankruptcy protection under Chapter 7 of the Bankruptcy Code. *In re Ayn Candace Downey*, No. 24-40360 (Bankr. S.D. Ill. Nov. 1, 2024) at Doc. 1 (references to the Bankruptcy Court's docket are denoted "Bankr. Doc. XX"). As relevant here, Downey filed an "Initial Statement About an Eviction Judgment" on September 23, 2025, identifying SIU as her landlord and notifying the Bankruptcy Court that SIU had obtained an eviction judgment against her. (Bankr. Doc. 15).

Within weeks, Downey began impugning the integrity of the process she had initiated. On October 3, 2024, she filed a three-sentence "motion to request a different judge and a different trustee." (Bankr. Doc. 35). Downey alleged that she had "experienced the bias from this particular judge + trustee on multiple occasions," and "d[id] not trust or believe this judge can be fair" based on "the last time she ruled." *Id.* The court denied her motion after a hearing on October 23, 2024. (Bankr. Doc. 75).

Because a bankruptcy petition imposes an "automatic stay" against various forms of debt collection, 11 U.S.C. § 362(a), the SIU Board filed a motion for relief from the stay on October 17, 2024. (Bankr. Doc. 71). The SIU Board's motion explained that Downey was entitled to receive student housing on SIU's campus, "provided [she] was enrolled as a student" there. Thus, when Downey failed to register as a student for the fall 2024 semester, she was no longer entitled to student housing. This meant that when Downey refused to vacate student housing in the fall of 2024, she was "holding over in violation of Illinois landlord-tenant law without any legal right to possession of the Premises."[1] The SIU Board

---

[1] The SIU Board also alleged that Downey failed to pay rent during the time in which she was properly enrolled as a student although did not seek to recover the rent owed.

argued that Downey did not have an equity interest in the apartment and that the apartment was not necessary for an effective reorganization of her bankruptcy estate under 11 U.S.C. § 362(d). Thus, the SIU Board asked the Bankruptcy Court to lift the automatic stay so that it could proceed with an eviction action in state court.

On November 1, 2024, having received no response from Downey, the Bankruptcy Court granted the SIU Board's motion. (Bankr. Doc. 80). On November 12, 2024, Downey filed an objection to the Bankruptcy Court's order. (Bankr. Doc. 84). The objection accused SIU of "consistently violat[ing] the automatic stay order," and posited that "[a]ccording to the Bankruptcy Rules[,] creditors are [n]ot to contact, harass, or threaten me or my family." *Id.* Downey alleged that she "receive[d] constant mailings, emails, documents and the threat of changing the locks and removing our belongings to the outside." *Id.* Finally, she explained that she was "under the impression that according to the law, no actions are to take place against me, or my family." *Id.*

On November 19, 2024, the Bankruptcy Court overruled Downey's objection.[2] (Bankr. Doc. 85). Downey filed a motion to reconsider on November 21, 2024, which asked the court to "reimpose the stay" and explained that she had contracted an "infectious disease," which prevented her from attending a hearing (it is unclear which hearing she was referring to).[3] (Bankr. Doc. 87). On January 8, 2025, the Bankruptcy Court held a hearing on Downey's motion to reconsider; she failed to appear. (Bankr. Doc. 98). The Bankruptcy Court denied

---

[2] The Bankruptcy Court observed that it was unclear whether Downey's objection targeted the SIU Board's motion for relief from the automatic stay or its order granting the motion. (Bankr. Doc. 85). The Bankruptcy Court found that if it was the former, the objection was untimely; if it was the latter, the objection failed to develop a legal argument justifying modification of the order. *Id.*

[3] Downey also filed a separate motion to reimpose the stay on January 7, 2024, wherein she raised similar arguments. (Bankr. Doc. 97). The Bankruptcy Court's docket does not reflect a ruling specific to that motion.

the motion to reconsider without further comment. *Id.*

### Bankruptcy Appeal

Downey appealed the Bankruptcy Court's order lifting the automatic stay to this Court on January 14, 2025. (Doc. 2). Eight days later, on January 22, 2025, she filed an "Emergency Motion" for a stay pending her bankruptcy appeal.[4] (Doc. 4). This motion consisted of a two-sentence request, which stated in relevant part: "I need this as an emergency motion due to extenuating circumstances to request the stay be reimposed for the duration of this bankruptcy case." *Id.* Unfortunately, her emergency motion was devoid of any legal argument or citations to relevant authorities. The undersigned declined to issue a stay because Appellant "ha[d] not identified any legal basis for a stay, nor ha[d] she explained why a stay [wa]s warranted." (Doc. 5). The Court gave Downey until February 10, 2025, to brief the legal issues at play. *Id.*

Unsatisfied, Downey filed an "affidavit" on January 29, 2025, which stated in full:

To the honorable Judge of this court,

I read your order that provides me time until February 2025 to file these documents, but your Honor they have threatened to have me thrown out on January 31, 2025[.] I am mercifully asking for an immediate action of this Interlocutory so that I am not homeless.

(Doc. 6). On January 30, 2025, this Court, having received only Appellant's allegations of imminent homelessness, temporarily stayed the Bankruptcy Court's order lifting the automatic stay. (Doc. 7). The Court emphasized that this stay was intended to be "brief" and for the sole purpose of "allow[ing] it to consider further briefing." *Id.*

---

[4] Appellant's motion is reflected on the docket as an "Emergency Motion for Leave to Proceed in Forma Pauperis." Although she requested a "fee waiver," she also asked for a "stay" to prevent Appellee from evicting her.

Meanwhile, Appellee had initiated an eviction proceeding against Appellant in the Circuit Court for Jackson County. The Jackson County Circuit Court issued an eviction order on January 23, 2025, which required Appellant to move out of her apartment at SIU by January 31, 2025. (Doc. 11-6). Notably, the eviction order was entered by agreement after Appellant appeared for a hearing to discuss the matter. *Id.*

Appellant nevertheless continued to litigate her appeal in this Court. On February 10, 2025, she filed a motion for extension of time to complete her appellate brief and asked this Court to issue subpoenas for certain discovery. (Doc. 12). The subpoenas, she contended, would help her develop evidence of "multiple events" in which the SIU Board "violated the automatic stay order." *Id.* The Court granted Appellant a seven-day extension to submit her brief but denied her subpoena request because she had not demonstrated any effort to obtain the discovery in question in the Bankruptcy Court. (Doc. 13).

On February 13, 2025, Downey filed her appellate brief. (Doc. 14). The SIU Board filed its response brief on February 25, 2025. (Doc. 15). On February 27, 2025, Downey filed a two-sentence "motion" in which she lodged an "objection" to the "accusations" in the SIU Board's brief, contested the SIU Board's argument that her brief was untimely, and added a hand-written annotation stating: "I would also like to have that stricken." (Doc. 16). Also on February 27, 2025, Downey filed a second motion for extension of time "to finish [her] brief." (Doc. 17). The following day, this Court denied Downey's request to strike the SIU Board's brief because she had advanced "nothing more than a conclusory "objection" without citing any relevant legal authority." (Doc. 19). The Court also denied her second motion for an extension as moot because she had already filed her appellate brief. *Id.*

On March 26, 2025, Appellant filed two addenda, several exhibits and two affidavits

to "supplement" her brief. (Docs. 21, 22, 23, 24, & 25). Her addenda reiterated her allegation that Appellee committed "multiple violations" of the automatic stay and that its conduct amounted to "Terrorist actions." (Doc. 21, pg. 1). The exhibits consisted of certain documents that had been filed in the Jackson County Circuit Court in connection with the eviction action. (Doc. 23). The affidavits offered statements from Appellant and from a person purporting to be her daughter (the affiant is not identified by name). (Docs. 25 & 24 respectively). The affidavits alleged that a police officer working for SIU came to Downey's apartment and threatened and intimidated her as he tried to serve papers "from the court." (Doc. 25). Appellant reluctantly opened the door to her apartment after the officer threatened to "kick it down." *Id.* Appellee moved to strike four of these five submissions. (Doc. 26).

On April 28, 2025, Appellant filed an emergency motion to issue subpoenas. (Doc. 28). This motion argued that Appellant "must have the footage from the body camera worn by the officer that used excessive force to gain access to my place of residence." *Id.* Thus, she alleged that "the need for the subpoena is predicated upon me having been injured, traumatized, terrorized, and immobilized from this attack" by the SIU police officer. *Id.* On April 30, 2025, Appellant filed a picture of a person's arm with bruises on it as a "supplement" to her emergency motion for a subpoena. (Doc. 29).

On May 12, 2025, the Court granted Appellee's motion to strike the second addendum (Doc. 22), the exhibits (Doc. 23), and the two affidavits (Docs. 24 & 25) as untimely. (Doc. 32).[5] Also on May 12, 2025, the Court denied Appellant's emergency motion for a subpoena because the evidence she sought did "nothing to develop the relevant legal issues at play."

---

[5] The Court did not strike the first addendum (Doc. 21) because Appellee's motion did not address that document.

(Doc. 33). Finally, the Court denied Appellant's motion for an extension of time to respond to the motion to strike as untimely because it was filed 18 days after it would have been due. *Id.*

On May 23, 2025, Appellant filed a motion that SIU show cause for its "blatant disregard" of the automatic stay and this Court's temporary stay order. (Doc. 34). In this motion, Appellant claimed that the case had "become more sinister" over time and asked that the Court sanction Appellee for its alleged violations of the stay orders. *Id.*

## ANALYSIS

Appellant has proven herself to be a vociferous filer whose only apparent goal in this litigation is to extend a judicial stay, so that Appellee is prohibited from evicting her. Nowhere in her filings has Appellant articulated a viable legal remedy for herself. Her only discernible allegation is that the SIU Board violated the automatic stay and this Court's temporary stay by contacting and communicating with her. Even assuming her allegations are correct, the Court has no way of knowing what she is trying to accomplish, other than to remain in student housing indefinitely. Indeed, her stated belief that "[a]ccording to the Bankruptcy Rules[,] creditors are [n]ot to contact, harass, or threaten me or my family," reveals her strategy to leverage the bankruptcy process to delay—rather than resolve—SIU's attempt to evict her. This type of maneuvering helps no one in a bankruptcy proceeding (or any proceeding for that matter). And although this Court is loath to entertain such gamesmanship as a general matter, this appeal fails for a lack of legal merit above all else.

Two court orders are at play in this appeal: (1) the Bankruptcy Court's order lifting the automatic stay; and (2) the Jackson County Circuit Court's eviction order. Appellant's briefing and other submissions do not explain which of these orders is contested. Thus, the

Court will address each order in turn.

    1. <u>The Order Lifting the Automatic Stay</u>

A bankruptcy petition "operates as a stay" against various forms of debt collection. 11 U.S.C. § 362(a). This "'automatic stay' is a statutory injunction against efforts outside of bankruptcy to collect debts from a debtor who is under the protection of the bankruptcy court." *St. Catherine Hosp. of Ind., LLC v. Ind. Fam. & Soc. Srvs. Admin.*, 800 F.3d 312, 315 (7th Cir. 2015). The stay "preserves what remains of the debtor's insolvent estate and provides a systematic equitable liquidation procedure for all creditors, secured as well as unsecured, thereby preventing a chaotic and uncontrolled scramble for the debtor's assets in a variety of uncoordinated proceedings in different courts." *In re Grede Foundries, Inc.*, 651 F.3d 786, 790 (7th Cir. 2011) (cleaned up). It is thus "one of the fundamental protections afforded to debtors by the bankruptcy laws." *Id.* (quotation marks omitted).

But the automatic stay is neither absolute nor indefinite. "[I]f a party establishes grounds for relief from the automatic stay under section 362(d), the Bankruptcy Code *mandates* the Court grant relief from the protection afforded by section 362(a)." *In re Marita Padiernos Rosado, Debtor*, No. 24-11851 (JLG), 2025 WL 1520515, at *3 (Bankr. S.D.N.Y. May 28, 2025) (emphasis added); 11 U.S.C. § 362(d) (bankruptcy court "shall grant" relief from automatic stay if certain statutory conditions are met). One such ground is established when the debtor "does not have an equity" interest in a property, and the property "is not necessary to an effective reorganization." 11 U.S.C. § 362(d)(2). The SIU Board argued that relief from the stay was appropriate because both conditions under section 362(d)(2) were met. The Bankruptcy Court apparently agreed, although its decision to lift the automatic stay only notes that the SIU Board's motion was unopposed.

The Bankruptcy Court's decision was legally sound. The SIU Board's motion for relief from the automatic stay explained that Downey was permitted to live in student housing *if* she was a student at SIU and paid rent according to the university housing contract terms. Downey herself does not dispute her position as a renter—she identified SIU as her landlord in the Initial Statement. The record thus contains no indication that Downey has an equity interest in the apartment where she is living. The SIU Board also argued that there was no reason why its apartment was necessary to an effective reorganization of Downey's estate, a contention that Downey has never disputed. Having established that Downey owned no equity in the apartment and that it was not necessary to her bankruptcy petition, relief from the stay was *mandatory* under section 362(d)(2). Thus, there was no error in the Bankruptcy Court's order lifting the automatic stay. *Cf. Newline*, 2022 WL 17251282, at *5 (affirming bankruptcy court's decision to deny relief from stay based on reasonable interpretation of its own prior order).

Appellant's emergency motion nevertheless asks this Court to reimpose the automatic stay. While a district court has the power to do so, reimposition of the automatic stay is only warranted in appropriate circumstances. *In re Miles*, 436 F.3d 291, 294 (1st Cir. 2006); *In re Koleszar Farm, LLC*, No. 21-5145, 2022 WL 1291506, at *2 (E.D. Pa. Apr. 29, 2022). In *Miles*, the bankruptcy court assumed that a creditor held a valid mortgage on the debtor's property and granted relief from the automatic stay so that the creditor could pursue a foreclosure action in state court. *In re Miles*, 436 F.3d at 292. The debtor then filed an adversary action contesting the validity of the creditor's mortgage. *Id.* The debtor moved for reconsideration of the order granting relief from the stay, which the bankruptcy court denied. *Id.* The district court reimposed the stay to enable to parties to litigate the adversary action because, in its view,

the validity of the underlying mortgage was a critical issue in the bankruptcy proceedings. *Id.* at 293. The First Circuit affirmed the district court's decision to reimpose the stay because it was appropriately based on a changed circumstance—the debtor's initiation of the adversary action challenging the validity of the mortgage. *Id.* at 294. And because the validity of the mortgage was an "essential premise" of the bankruptcy court's order lifting the automatic stay, it was appropriate to reimpose the stay so that the issue could be resolved through the adversary proceeding. *Id.* at 293.

Here, Appellant alleges only that Appellee repeatedly violated the automatic stay and this Court's temporary stay. But she has neither told this Court how Appellee's actions (assuming they are true) affect the orderly administration of her estate, nor has she requested that this Court issue a legal remedy. As far as the Court can tell, she seeks a judicial stay that will indefinitely prevent the SIU Board from evicting her. In other words, Appellant seeks the automatic stay not as a means of accomplishing the orderly liquidation of her estate, but as an end in and of itself. That is no reason to reimpose the automatic stay under section 362(a). *See In re Koleszar*, 2022 WL 1291506, at *3 (denying reimposition of automatic stay because the appellant, who was facing foreclosure, "has not articulated what the automatic stay would accomplish, beyond delaying the inevitable."). And without a compelling reason, the Court will not reimpose a stay just for the sake of a stay.

Finding neither legal error in the Bankruptcy Court's decision to lift the automatic stay, nor compelling circumstances warranting its reimposition, the Bankruptcy Court's decision will be affirmed.

2. The Eviction Order

On January 23, 2025, the Jackson County Circuit Court ordered Downey to move out

Page 10 of 12

of her apartment by January 31, 2025. Downey agreed to this order yet returned to federal court to seek "immediate action of this Interlocutory so that [she is] not homeless." Downey's briefing in this Court does not reveal her position vis-à-vis the eviction order—it is barely mentioned. But her request for a stay of an undefined duration and scope to prevent the SIU Board from evicting her is, in substance, a request for this Court to vacate the eviction order (or at least to delay its execution). If that is indeed her request, it is a legal non-starter.

Under the *Rooker-Feldman* doctrine, federal courts are prohibited from reviewing the merits of a state court judgment. *See Hadzi-Tanovic v. Johnson*, 62 F.4th 394, 396 (7th Cir. 2023) ("Where . . . the plaintiff's injury is effectuated by the state court judgment, the *Rooker-Feldman* doctrine deprives lower federal courts of jurisdiction.") (internal quotation marks omitted). The Jackson County Circuit Court ordered Downey to move out of student housing at SIU. Even if one looks past the fact that Downey agreed to this order, this Court does not have the authority to review it. Thus, regardless of its merits, the eviction order is beyond the scope of this Court's jurisdiction. *See In re Koleszar*, 2022 WL 1291506, at *3 (holding under similar circumstances that *Rooker-Feldman* doctrine barred district court from considering merits of state court ejection judgment).

CONCLUSION

For these reasons, Appellant Ayn Candace Downey's Emergency Motion for a Stay and to Proceed *In Forma Pauperis* (Doc. 4) is **DENIED**. Appellant's Amended Motion to Proceed *In Forma Pauperis* (Doc. 9) is **DENIED**.

This Court's January 30, 2025 order temporarily staying the Bankruptcy Court's order lifting the automatic stay under 11 U.S.C. § 362 (Doc. 7) is **VACATED**. Appellant's Motion for a Show Cause Hearing (Doc. 34) is **DENIED as moot**.

This appeal is **DISMISSED**, and the case is **REMANDED** to the Bankruptcy Court for further proceedings.

**IT IS SO ORDERED.**

**DATED: June 5, 2025**

_____
**NANCY J. ROSENSTENGEL**
**Chief U.S. District Judge**